IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARSON BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:22cv675-ECM |
| ) | (wo) |
| ARGON MEDICAL DEVICES, INC.; *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

This cause is before the court on a motion to remand, filed by the Plaintiff, Carson Bryant ("Bryant"). (Doc. 28).

Bryant originally filed his complaint in the Circuit Court of Montgomery County, Alabama. Defendant Argon Medical Devices, Inc. ("Argon") filed a notice of removal, invoking diversity subject matter jurisdiction. Bryant has sought remand of the case to the state circuit court, arguing that this Court lacks subject matter jurisdiction.

For reasons to be discussed, the Motion to Remand is due to be GRANTED.

**II.   REMAND STANDARD**

"Federal Courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Dudley v. Eli Lilley & Co.*, 778 F.3d 909, 911 (11th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). When jurisdiction turns on removal, "federal courts are directed to construe removal statutes strictly" and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Moreover, "in evaluating a motion to

remand, the removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998)(citing *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)).

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1).   The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Id.*   To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

"When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

### III.   FACTS

The facts, as they pertain to the Motion to Remand, are as follows:

Bryant is a citizen of Alabama.   The original complaint Bryant filed in state court brought claims against Argon, alleged to be a Delaware corporation with a principal place of business in Texas; Rex Medical, L.P. and Rex Medical, Inc., alleged to be incorporated in and with a principal place of business in Pennsylvania; the Healthcare Authority for Baptist Health ("Baptist"), alleged to be incorporated in Alabama with a principal place of business in Alabama; and George E. Hipp, M.D., alleged to be a citizen of Alabama.

The facts in the original complaint arise from the implantation and subsequent removal of a specific inferior vena cava filter ("IVC filter"). In the original complaint, Bryant brought two claims pursuant to the Alabama Medical Liability Act against the Alabama citizen Defendants based on actions taken by Baptist and Hipp on or about June 17, 2016; between June 17, 2016 and May 28, 2021; and thereafter. More specifically, Bryant has alleged that on or about June 17, 2016, these Defendants implanted the IVC filter in him without consent; that they allowed the IVC filter to remain implanted without consent; that they failed to inform Bryant that the IVC filter should be monitored and failed to monitor it; that they later failed to identify that the IVC filter had changed position and was causing harm to Bryant; and that they failed to remove the IVC filter; and that they failed to inform Bryant that the longer the IVC filter remained, the more difficult it would be to remove. (Doc. 102 at 33). The original complaint further alleged that on March 19, 2021, Bryant underwent a scan which indicated that the IVC filter was penetrating through Bryant's pancreas, duodenum, aorta, and paraspinous muscles, causing pain. (*Id.* at 18). The IVC filter was removed on or about May 28, 2021.

Bryant has alleged that had he known the risks associated with the implantation and failure to remove the IVC filter, he would have insisted that the filter be removed prior to his discharge from the hospital or a reasonable time thereafter.

## IV.   DISCUSSION

Because of the complete diversity requirement for subject matter jurisdiction based on diversity of citizenship, a plaintiff may prevent removal simply by joining a defendant who shares the same state citizenship as the plaintiff. *See Triggs v. John Crump Toyota,* 154 F.3d 1284, 1291 (11th Cir. 1998). The filing of a frivolous or otherwise illegitimate claim against a non-diverse

3

defendant solely to prevent removal is called a "fraudulent joinder." *Id.* at 1287. Courts may disregard the citizenship of fraudulently joined defendants when assessing the existence of complete diversity. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979)[1]*; see also Thomas v. Jim Walter Homes, Inc.*, 918 F. Supp. 1498 (M.D. Ala. 1996). The Eleventh Circuit applies a three-fold test for determining whether a defendant has been fraudulently joined: the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, (2) that the plaintiff fraudulently pleaded jurisdictional facts, or (3) where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the nondiverse defendant. *Triggs*, 154 F.3d at 1287. If the removing party fails in an attempt to demonstrate the existence of a fraudulently joined party, then the case must be remanded to state court. *See Bolling v. Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, 407 (M.D. Ala. 1995).

The burden of proving fraudulent joinder rests with Argon as the removing party. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). A claim of fraudulent joinder must be supported by clear and convincing evidence. *See Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964). In evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the plaintiff. *See Crowe*, 113 F.3d at 1538. In fact, "the district court should resolve all questions

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

of fact and controlling law in favor of the plaintiff. . . ." *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir. 1989). "If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence v. Crescent Resources, LLC,* 484 F.3d 1293, 1299 (11th Cir. 2007).

In this case, as noted earlier, two claims were brought in the original complaint against non-diverse Defendants. Argon has argued that the non-diverse Defendants were fraudulently joined because the claims are based on a 2016 procedure and, therefore, time-barred under the applicable statute of limitations and repose. Argon focuses on allegations that Baptist and Hipp failed to obtain consent to implant the IVC filter.

Bryant argues in response that even if Argon is correct that the statute of limitations and repose bar claims based on a consent theory, which Bryant does not concede, Bryant has other claims stemming from the failure to inform him that the IVC filter should be monitored, and the failure to diagnose the cause of his pain and more promptly remove the IVC filter, which he argues occurred in December 2020. (Doc. 42 at 7). Bryant contends that under his alternatively pleaded theory, the IVC filter was working as intended when it was implanted, but injury arose at the later point when it changed position.

Under Alabama law, a claim brought for violation of the Alabama Medical Liability Act accrues when the act complained of results in legal injury to the plaintiff. *Grubert v. Lightfoot*, 571 So. 2d 293, 294 (Ala. 1990). Even if legal injury occurs at point later than the initial negligent act, the statute of limitations begins to run on the date of the legal injury. *Id.* In *Mobile Infirmary v. Delchamps*, 642 So. 2d 954 (Ala. 1994), a plaintiff brought claims against the facility where she

5

had a medical procedure. The plaintiff claimed that a device was implanted on one date, but the injury did not occur until there was bone degeneration at a later date. *Id.* at 955. The facility moved to dismiss her claims as time barred. *Id.* The court held that the claim accrued when the bone degeneration occurred in the plaintiff's jaw. *Id.* Additionally, in that case, the plaintiff's failure to allege an exact date of the injury did not preclude her from stating a claim under Alabama law. *Id.* Similarly, in this case, there is a possibility Bryant could establish a cause of action, based not on a lack of consent to the implantation as pointed to by Argon, but on later acts which Bryant has alleged resulted in legal injury. Accordingly, there is no fraudulent joinder of non-diverse defendants and this Court lacks diversity subject matter jurisdiction,

## V.  CONCLUSION

For the reasons discussed, the motion to remand is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.

DONE this 17th day of May, 2023.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE